SCOTT C. WILLIAMS (6687)
Attorney for Defendant
43 East 400 South
Salt Lake City, Utah 84lll
Telephone: (801)220-0700
Facsimile: (801) 364-3232
scwlegal@gmail.com

UNITED STATES DISTRICT COURT
CENTRAL DIVISION, DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>ISAIAH ELDEN KINGSTON,<br><br>    Defendant. | MEMORANDUM IN OPPOSITION TO DETENTION HEARING FOR DEFENDANT ISAIAH KINGSTON AND REQUEST FOR IMMEDIATE RELEASE<br><br>Case No. 2:18-cr-365-JNP<br><br>District Court Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

Defendant Isiah Kingston, through counsel, requests that prior to any detention hearing as requested by the Government, this Court first consider whether a detention hearing should actually be held. Isaiah Kingston argues that, pursuant to 18 U.S.C. § 3142, this Court should order his release, rather than conduct a detention hearing, since the relevant facts and circumstances of the present case do not represent a basis for this Court to make a threshold finding that Isaiah Kingston is either a serious risk of nonappearance, or a serious risk or danger to the public or any other person. The Government is not entitled under the statute to simply argue that Isaiah Kingston should be detained, and thereafter ask this Court to conduct a detention hearing.

1

**RELEVANT LAW**

18 U.S.C. § 3142 states that "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to [conditions] . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person required or will endanger the safety of any other person or the community." In general, "persons charged with a crime are not detained pre-trial." *United States v. Gerkin*, 570 F.App'x 819, 820 (10th Cir. 2014)(unpublished). "They may be released on [their] own personal recognizance or upon execution of an unsecured appearance bond, or they may be released on a condition or combination of conditions that will ensure their appearance in court and the safety of the community." *Id.* (Internal citations to authority and quotation marks omitted). As the Supreme Court explained, "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 755, 107 S.Ct. 2095 (1987)). "The government bears the burden of proving that a defendant should be detained pre-trial." *Id.* (quoting *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003)).

Under the Bail Reform Act, the Court must undertake a two-part inquiry in determining whether a particular defendant should be detained pre-trial. *See Gerkin*, 570 F.App'x at 820-821. First, the judicial officer must decide whether there is any basis to even hold a detention hearing. *See id.* The court shall hold a detention hearing if the Government moves for detention and the defendant has been charged with certain serious crimes. *See id.* at 821 (citing 18 U.S.C. § 3142(f)(1)). The court shall also hold a detention hearing on its own motion or on the government's

motion if the case involves "a serious risk that such person will flee," or a "serious risk that the person will obstruct justice or attempt to threaten prospective witnesses." *Id.* (citing 18 U.S.C. § 3142(f)(2)(A)-(B)).

The second step occurs if the government establishes a basis for a detention hearing. Then, "the second step is for the government to show that there is 'no condition or combination of conditions' that 'will reasonable assure the appearance of [the defendant] as required and the safety of any other person and the community." *Gerkin*, 570 F.App'x at 821. "If the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, then the judicial officer shall order the person detained before trial." *Id.* (citing § 3142(e)) (internal citations omitted). "In determining whether the government has established a basis for detention or whether there are appropriate conditions of release, the judicial officer is required to consider certain factors set forth in § 3142(g) *Id.*[1]

### THIS COURT FIRST MUST DETERMINE WHETHER THERE IS A THRESHOLD BASIS TO HOLD A DETENTION HEARING

The first and most critical concern in the present case is that this Court must consider Isaiah Kingston's eligibility for release *on an independent basis and as to circumstances applicable to*

---

[1] Several other courts have found that Congress did not intend to authorize detention unless the court first finds that one of the § 3142(f) conditions for even holding a detention hearing exists. *See, e.g., United States v. Ploof*, 851 F.2d 7, 11 (1st Cir. 1988) (Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists."); *United States v. Himler*, 797 F.2d 156 (3rd Cir. 1986); *United States v. Friedman,* 837 F.2d 48, 49 (2nd Cir. 1988); *United States v. Byrd*, 969 F.2d 106 (5th Cir. 1992); *United States v. Twine*, 344 F.3d 987 (9th Cir. 2003). In United States v. Rogers, 371 F.3d 1225, 1227 & n.2 (10th Cir. 2004), the Tenth Circuit also indirectly implied that § 3142(f) sets out conditions precedent to a detention hearing.

*him alone.* This is a basic legal and constitutional proposition:

> The Government asks the courts to depart from the norm by assuming, without the introduction of evidence, that each petitioner is a pawn in a conspiracy and will, in obedience to a superior, flee the jurisdiction. To infer from the fact of indictment alone a need for bail in an unusually high amount is an arbitrary act. Such conduct would inject into our own system of government the very principles of totalitarianism which Congress was seeking to guard against in passing the statute under which petitioners have been indicted.

*Stack v. Boyle*, 342 U.S. 1, 5-6, 72 S. Ct. 1, 4 (1951).

For this reason, the Court must, in addition to the nature of the charges, "take into account the difference in circumstances between different defendants." *Boyle*, 342 U.S. at 9 (Jackson, J., concurring). This is so as "[e]ach accused is entitled to any benefits due to his good record, and misdeeds or a bad record should prejudice only those who are guilty of them. The question when application for bail is made relates to each one's trustworthiness to appear for trial and what security will supply reasonable assurance of his appearance." *Id. See also*, *United States v. Briggs*, 476 F.2d 947 (C.A.5, Fla.)1973 (Where district court's order stating reasons for denying defendants' motion to reduce bail did not consider factors with respect to each defendant that would justify the conditions of release imposed in the case and concluded that a uniform blanket bail was appropriate but not all defendants were charged with the many substantive offenses cited and it appeared that three defendants had resided in Gainesville, the site of the trial, for some time and one defendant owned a home there and two other defendants had ties in the state of Florida and one owned a home in Hialeah, Florida, each defendant was entitled to know reasons why particular conditions of release were imposed in his case.)

Before conducting a detention hearing under 18 U.S.C. § 3142(f). The recent Memorandum Decision in this District by Magistrate Judge Evelyn J. Furse, in *United States v. Wright,* 072018

Case 2:18-cr-00365-JNP   Document 24   Filed 08/29/18   Page 4 of 7

UTDC, 2:18-cr-336-DN, fully describes the legal framework for this requirement. It is attached hereto as Exhibit A.

Isaiah Kingston, through counsel, will be prepared to counter any proffer made by the Government to this Court in relation to the threshold finding requirement, and to provide his own proffer in support of the present motion.

Respectfully submitted this 29th day of August, 2018.

      /s/ Scott C. Williams
Scott C. Williams
Attorney for Defendant Isaiah Kingston

Case 2:18-cr-00365-JNP   Document 24   Filed 08/29/18   Page 6 of 7

## DELIVERY CERTIFICATE

I certify that a true and correct copy of the foregoing was caused to be delivered, through electronic filing, to the following:

leslie.a.goemaat@usdoj.gov
richard.m.rolwing@usdoj.gov
arthur.j.ewenczyk@usdoj.gov
john.e.sullivan@usdoj.gov

on the 29th day of August, 2018.

/s/ Scott C. Williams