United States v. Wright, 072018 UTDC, 2:18-cr-336-DN /**/ div.c1 {text-align: center} /**/

**UNITED STATES OF AMERICA, Plaintiff**

v.

**ALBERT EARL WRIGHT, Defendant.**

**No. 2:18-cr-336-DN**

**United States District Court, D. Utah**

**July 20, 2018**

**MEMORANDUM DECISION REGARDING OF RELEASE WITH CONDITIONS**

Evelyn J. Furse United States Magistrate Judge.

District Judge David Nuffer Magistrate Judge Evelyn J. Furse On July 19, 2018, Mr. Albert Earl Wright appeared before the Court for an initial appearance and arraignment on an indictment charging a credit union robbery under 18 U.S.C. § 2113(a).

**I. Entitlement to a Detention Hearing**

When asked about whether the Court could release Mr. Wright, the Government moved for a detention pursuant to 18 U.S.C. § 3142(f)(2)(A), namely that Mr. Wright posed a serious risk of flight. In support of its motion for a detention hearing, the Government proffered a January 5, 2018 warrant issued for failure to appear on misdemeanor charges for possession or use of a controlled substance and drug paraphernalia. Defense counsel argued that one failure to appear did not rise to the level of serious risk of flight and that Defendant did not know about the hearing date, causing him to miss it. Therefore, argued Defense Counsel, the Government was not entitled to a detention hearing, and the Court had to release Mr. Wright on conditions.

The Court agrees that if it finds the Government has not met the threshold conditions under § 3142(f), it cannot hold a detention hearing and thus cannot detain the Defendant. The Third Circuit in *United States v. Himler,* 797 F.2d 156, 160 (3d Cir. 1986) quoted from legislative history of § 3142, stating that the § 3142(f) "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial, " permitting detention only "upon proof of a likelihood of flight, a threatened obstruction of justice or a danger of recidivism in one or more of the crimes actually specified by the bail statute."

In *United States v. Ploof*, 851 F.2d 7, 10-11 (1st Cir. 1988), the First Circuit held
[T]he structure of the statute and its legislative history make it clear that Congress did not intend to authorize preventive detention unless the judicial officer first finds that one of the § 3142(f) conditions for holding a detention hearing exists. To conclude otherwise would be to ignore the statement in the legislative history that the "circumstances for invoking a detention hearing in effect serve to limit the types of cases in which detention may be ordered prior to trial, " *see* S. Rep. No. 225, 98th Cong., 2d Sess. 20, *reprinted in* 1984 U.S. Code & Admin. News 3182, 3203; *see also United States v. Salerno,* ___ U.S. ___, 107 S.Ct. 2095, 2101, 95 L.Ed.2d 697 (1987) ("The Bail Reform Act[1] carefully limits the circumstances under which [preventive] detention may be sought to the most serious of crimes"), and to authorize detention in a broad range of circumstances that we do not believe Congress envisioned.
*See also United States v. Chavez-Rivas,* 536 F.Supp.2d 962, 965-67 (E.D. Wisc. 2008) ("Unless the case falls within one of the above categories in § 3142(f), the court may not detain the

defendant."); *see accord United States v. Rogers*, 371 F.3d 1225, 1232 (10th Cir. 2004) (finding certain charges fall within crimes of violence under § 3142(f)(1) and overturning district court's decision finding no entitlement to a detention hearing).

No case law appears to provide guidance about the quantum of evidence needed to show a serious risk of flight sufficient to warrant the holding of a detention hearing. The Court found the proffer of the January 2018 failure to appear for court sufficient to warrant a detention hearing under § 3142(f)(2)(A) given the recency of the failure.

As to the merits, the Government contended it sought Mr. Wright's detention because he poses both a risk of flight and nonappearance based on his criminal record, his drug addiction, and the current charges. The Court considered the oral arguments of counsel, the Pretrial Services Report, and the information proffered during the hearing. The Court finds Mr. Wright both a risk of nonappearance and a risk of danger to the community, but a combination of conditions can reasonably assure both appearance back at court and the safety of the community.

**II. The Law**

The Eighth Amendment prohibits the imposition of excessive bail. U.S. Const. amend. VIII. 18 U.S.C. § 3142 governs a defendant's release or detention pending trial. This statute requires the court order the defendant released on his own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). If the court determines either personal recognizance or an unsecured bond will not reasonably assure either end, 18 U.S.C. § 3142(c)(1)(B) requires the court impose the *least* restrictive further condition that will reasonably assure the appearance of the defendant and the safety of the community.

The Court shall order detention of a defendant pending trial if it finds "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). The Government bears the burden of proving the defendant poses an uncontrollable risk of danger to the community by clear and convincing evidence and/or an uncontrollable risk of nonappearance by a preponderance of the evidence. 18 U.S.C. § 3142(f)(2)(B); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

Importantly, nothing in the statute modifies or limits the presumption of the defendant's innocence prior to trial. 18 U.S.C. § 3142(j). "'The principle that there is a presumption of innocence in favor of the accused is the undoubted law, axiomatic and elementary, and its enforcement lies at the foundation of the administration of our criminal law.'" *Taylor v. Kentucky*, 436 U.S. 478, 483 (1978) (quoting *Coffin v. United States*, 156 U.S. 432, 453 (1895)).

**III. FACTORS FOR CONSIDERATION**

In making its determination at the detention hearing, the Court must consider the following factors: the nature and circumstances of the charged offense, the weight of the evidence against the defendant, the history and characteristics of the defendant- including his character, physical and mental condition, family ties, employment, financial resources, length of residence in community, community ties, past conduct, history of substance abuse, crime, and court

appearances, whether the defendant was on probation, parole, or release pending trial, sentencing, appeal, or completion of a sentence-and the nature and seriousness of danger posed by the person's release. *See* 18 U.S.C. § 3142(g).

## A. Nature and Circumstances of the Charged Offense.

The Government alleges Mr. Wright took by force, violence, and intimidation money from a teller at the Hercules Credit Union. According to the pretrial report, police apprehended the defendant two blocks away, and he spontaneously confessed indicating he committed the robbery to pay his fines on other cases and asked the officers to apologize to the teller for him.

## B. The Weight of the Evidence

In considering the weight of the evidence against Mr. Wright, the Court finds the evidence strong at this time given Mr. Wright confessed. However, the release or detention decision is not like a preliminary injunction in the civil context, where the court prejudges the merits of the case. Indeed, as noted above the Bail Reform Act reaffirms the guarantee of the presumption of innocence pretrial. 18 U.S.C. § 3142(j).

This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction. Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning.

*Stack v. Boyle*, 342 U.S. 1, 4 (1951) (citing *Hudson v. Parker*, 156 U.S. 277, 285 (1895)). Thus the Court considers the strength of the evidence in terms of that evidence's bearing on the risk of nonappearance and the risk of harm to the community. The likelihood of conviction by itself has no bearing on the pretrial release decision.

This reading of the statute comports with Tenth Circuit law that allows the judge making the pretrial release decision to consider suppressed evidence in making its determination. *See United States v. Workman*, 680 Fed.Appx. 699, 703 (10th Cir. 2017) (unpublished); *United States v. Cos*, 198 Fed.Appx. 727, 730-31 (10th Cir. 2006) (unpublished). If the weight of the evidence prong required the court to prejudge the merits of the case, the court would have to avoid consideration of excluded evidence. Moreover, courts consider all of the other factors in § 3142 for their impact on the two issues relevant to release or detention-nonappearance and risk of harm. To consider the weight of the evidence for purposes of prejudging the outcome would convert pretrial detention from a regulatory detention into a punitive detention. *See United States v. Salerno*, 481 U.S. 739, 747-48 (1987) (finding detention based on dangerousness regulatory rather than punitive because it attempts to protect society from harm rather than punish the accused for being dangerous).

## C. History and Characteristics of the Defendant

Born in Salt Lake City, Mr. Wright, age fifty-seven (57) has lived in Utah his entire life and has numerous family members in the state. Mr. Wright has never traveled outside of the United States, does not have a passport, and has only traveled out of Utah three times in his life. Upon release, Mr. Wright plans to live with his mother in Salt Lake City where he has lived for the last five years.

Mr. Wright has been addicted to methamphetamine for thirty years. He received substance abuse treatment while in state custody, between October 2002 and April 2013. Mr. Wright purports

to have remained sober until relapsing in April 2018. By any count, he has had a number of years of sobriety prior to his recent criminal offenses, which began in July 2017. Mr. Wright tested negative for any drug use the day of the detention hearing and had been in jail for over a month at that time.

Prior to his April 2018 relapse, Mr. Wright worked for Horizon Snack Foods. When contacted by Pretrial Services, Horizon indicated Mr. Wright was eligible for rehire if the Court released him. Mr. Wright maintained consistent employment from his last release from jail, April 2013, until his relapse.

Mr. Wright's criminal history involves primarily aggravated robberies. Mr. Wright received parole in April 2013 on an aggravated robbery and had no parole violations. That case closed in April 2016. Recently, Mr. Wright pled guilty to possession of a controlled substance and driving with a controlled substance. In Mr. Wright's almost forty year criminal history, he failed to appear once in January 2018. The Court recalled the warrant in February; Mr. Wright pled guilty in March; and he remained on presentence release at the time of the instant offense. Mr. Wright indicated he did not intend to skip a court date; rather he did not have notice of the hearing. At the time of the alleged crime, Mr. Wright was also on probation in state court for misdemeanor driving with a measureable controlled substance.

**D. The Nature and Seriousness of Danger Posed by Release**.

The Government argues that if released, Mr. Wright poses a danger of aggravated robbery and continued methamphetamine use. The Government contends the Court cannot manage those risks because Mr. Wright has a lengthy history of robbery and methamphetamine use and does not follow court orders. The Court finds that given the nature and circumstances of the charged offense and his history, Mr. Wright does pose a danger of aggravated robbery and continued methamphetamine use.

**IV. Analysis**

As stated above, the Government bears the burden of proving risk of flight by a preponderance of the evidence and the burden of proving dangerousness by clear-and-convincing evidence. *Cisneros*, 328 F.3d at 616. "In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Salerno*, 481 U.S. at 755.

The Court *must* release the Defendant on his own recognizance or on an unsecured bond pretrial, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b). Given the nature and circumstances of the charged offense and Mr. Wright's history, Mr. Wright poses a risk of nonappearance and a risk to the safety of the community. Therefore, the Court cannot release Mr. Wright on his own recognizance.

Therefore, the Court must impose "the *least restrictive* further condition or conditions" that will reasonably assure the appearance of the defendant. 18 U.S.C. § 3142(c)(1)(B) (emphasis added); *see also United States v. Deppish*, 554 Fed.Appx. 753, 754-55 (10th Cir. 2014) (unpublished) (discussing and applying least restrictive condition standard in the context of a risk of danger).

Mr. Wright has strong ties to the community, has one failure to appear in a long criminal

history, and has a stable place to live as noted above. All of these factors suggest Mr. Wright will not flee. The Court orders Mr. Wright to report to Pretrial on a regular basis. That reporting will reasonably assure Mr. Wright is aware of all upcoming hearings. Combining this history and support, with his substantial compliance with requirements to appear in court in the past, the Court finds the risk of nonappearance minimal. The Court also considers Mr. Wright's potential use of methamphetamine as creating some risk of nonappearance. Therefore, the Court prohibits Mr. Wright from possessing narcotic drugs or other controlled substances, imposes a substance abuse therapy requirement, and requires Mr. Wright to submit to drug testing to reasonably assure Mr. Wright does not use methamphetamine and appears back at court.

The Court can only detain the Defendant as a risk of flight if the Government shows by a preponderance of the evidence that no combination of conditions will reasonably assure Mr. Wright's appearance of back at court. The Government has not met this burden because a combination of conditions will reasonably assure Mr. Wright's appearance of back at court.

The Government has also failed to put forth evidence that rises to the level of clear and convincing that Mr. Wright will commit further aggravated robberies or endanger others while on release regardless of conditions. While a robbery by its nature creates a risk of harm, Mr. Wright's other actions demonstrate that he complied with arrest, was not violent with officers, apologized for his actions, and did not flee.

Further while Mr. Wright was on presentence release and probation at the time of the alleged offense, that release was for misdemeanors in the state court, and the state court provides far less supervision on a misdemeanor than the Federal Court would on pretrial supervision of this felony.

When Mr. Wright talked to officers he indicated he committed the robbery to help pay for court fines. To control the risk of further robberies due to a lack of money, the Court orders Mr. Wright to find and maintain employment. Given Mr. Wright's previous ability to find and maintain employment and the willingness of his prior employer to rehire him, the Court finds this condition will help reduce the risk of further robberies.

Mr. Wright's past success on parole demonstrates an ability to follow court orders and comply with supervision. Further Mr. Wright's extended period of sobriety demonstrates his addiction is amenable to treatment. With that past and with Mr. Wright's month of forced detoxification while in state custody, his addiction and consequent illegal activity involving controlled substances and bank robbery appear controllable with a combination of conditions. As noted above, the Court has ordered drug treatment and testing and prohibited possession. The Court also prohibits possession of any firearms, ammunition, destructive devices, or dangerous weapons further assuring the safety of the community. To help enforce these conditions the Court orders Mr. Wright to submit to a search of his home, office, person, or vehicle if Pretrial Services has reasonable suspicion that Mr. Wright has contraband or evidence of a violation of a release condition. Further, should Mr. Wright violate any of his release conditions, the Court can revoke pretrial release and remand Mr. Wright to detention pending trial.

Under all of these circumstances, a combination of conditions will reasonably assure the safety of any person or the community.

For these reasons, the undersigned released Mr. Wright on conditions pending trial as set

forth in the Order Setting Conditions of Release (ECF No. 12, pending Defendant's signature).

---------

Notes:

[1] The "Bail Reform Act" refers to the Bail Reform Act of 1984 and includes 18 U.S.C. §§ 3141-3156.

---------