JOHN W. HUBER, United States Attorney (#7226)
ARTHUR J. EWENCZYK, Special Assistant United States Attorney (NY #5263785)
LESLIE A. GOEMAAT, Special Assistant United States Attorney (MA #676695)
RICHARD M. ROLWING, Special Assistant United States Attorney (OH #0062368)
JOHN E. SULLIVAN, Senior Litigation Counsel, Tax Division (WI #1018849)
Attorneys for the United States of America
111 South Main Street, #1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682
Email: arthur.j.ewenczyk@usdoj.gov
       leslie.a.goemaat@usdoj.gov
       richard.m.rolwing@usdoj.gov
       john.e.sullivan@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 18-CR-365-JNP |
| Plaintiff, | : | |
| v. | : | NOTICE OF ISAIAH KINGSTON'S VIOLATION OF PROTECTIVE ORDER |
| ISAIAH ELDEN KINGSTON et al., | : | District Judge Jill N. Parrish<br>Magistrate Judge Brooke C. Wells |
| Defendants. | : | |
| | : | |

**NOTICE OF ISAIAH KINGSTON'S VIOLATION OF PROTECTIVE ORDER**

On September 25, 2018, the United States filed a Motion for Protective Order Regarding

Discovery. ECF 67. On October 3, 2018, Magistrate Judge Wells granted the United States

Motion for Protective Order. ECF 89 (DOCKET TEXT ORDER granting 67 Motion for

Protective Order as to Jacob O. Kingston (1), Isaiah Elden Kingston (2), Lev Aslan Dermen (3).

1

Signed by Magistrate Judge Brooke C. Wells on 10/3/2018. No attached document. (mlp) (Entered: 10/09/2018)).

That Order, in relevant part, ordered "defendants and defense counsel are prohibited from disclosing any information provided in discovery to any person, except that defense counsel may provide discovery material to those persons who are necessary to assist counsel of record in preparation for trial or other proceedings." ECF 67-1; entered by ECF 89.

In its Motion for Protective Order, ECF 67, the United States stated:

> As the Court is aware, the United States has serious concerns about the safety of witnesses and others who have information about the conduct alleged in the Indictment, and has already introduced evidence demonstrating the defendants' willingness to take steps to intimidate and harm witnesses for the purposes of obstructing the investigation. Due to the conduct of the defendants, the government intends to disclose Jencks material, including witness names and statements, shortly before trial. See 18 U.S.C. § 3500. However, as a practical matter, the defendants likely will be able to glean the identities of witnesses and the nature of their statements from the discovery that the United States has provided and will continue to provide. . . . The United States therefore requests the entry of an order that prohibits the defendants and defense counsel from disclosing all information provided in discovery to any third parties, except to the extent necessary to prepare for a potential trial or other hearings in this case.

On January 2, 2019, the Salt Lake Tribune published an article reporting that Isaiah Kingston's defense counsel, Scott Williams, made statements to the Salt Lake Tribune regarding discovery received from the United States: "Williams said prosecutors have provided him screenshots of telephone text messages between [REDACTED] and [REDACTED] and between [REDACTED] and [REDACTED]. Some of those messages included invitations from [REDACTED] for [REDACTED] to travel to Texas and Florida for campaign fundraisers. [REDACTED] worked in both states as part of his job with United Fuel Supply." *See* https://www.sltrib.com/news/politics/2019/01/02/witness-against-brothers/. The Salt Lake

Tribune also wrote, "Williams declined to provide the screenshots Tuesday, citing prohibitions imposed by the judge in the case."

Isaiah Kingston's counsel's statements to the press describing the content of discovery received from the United States is a clear violation of the Discovery Protective Order which prohibits defense counsel from disclosing any information provided in discovery to any person, except that defense counsel may provide discovery material to those persons who are necessary to assist counsel of record in preparation for trial or other proceedings.

These statements, in violation of the Court's Discovery Protective Order, and Isaiah Kingston's counsel's identification of this witness, both in his unsealed motion to reconsider detention[1] and his statements to the Salt Lake Tribune, potentially endanger putative government witnesses. Further, within the last week, relatives of Defendant Isaiah Kingston have made unwelcome attempts to contact this potential witness, and a member of this potential witness's family, both in person and by telephone.

The United States respectfully requests this Court take action appropriate to the violation(s) of this Court's Discovery Protective Order by Isaiah Kingston and his counsel.

Respectfully submitted this 2nd day of January, 2019.

JOHN W. HUBER
United States Attorney

*/s/ Leslie A. Goemaat*
LESLIE A. GOEMAAT
ARTHUR J. EWENCZYK
RICHARD M. ROLWING
Special Assistant United States Attorneys
JOHN E. SULLIVAN
Senior Litigation Counsel

---

[1] The United States will respond to Defendant Isaiah Kingston's Motion for Reconsideration of Detention by separate pleading.

<u>Certificate of Service</u>

  I certify that on the 2nd day of January, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF electronic filing system, which will send notice of electronic filing to counsel of record in this case.

                  */s/ Leslie A. Goemaat*
                  LESLIE A. GOEMAAT
                  Special Assistant United States Attorney