SCOTT C. WILLIAMS (6687)
43 East 400 South
Salt Lake City, Utah 84lll
Telephone: (801)220-0700
Facsimile: (801) 364-3232
scwlegal@gmail.com

Attorney for Defendant Isaiah Kingston

---

# UNITED STATES DISTRICT COURT
# CENTRAL DIVISION, DISTRICT OF UTAH

---

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>vs.<br><br>ISAIAH ELDEN KINGSTON,<br><br>      Defendant. | DEFENDANT ISAIAH KINGSTON'S OBJECTION TO THE POSITION OF THE UNITED STATES ON LENGTH OF TRIAL AND TRIAL CALENDAR<br><br>Case No. 2:18-cr-365-JNP<br><br>District Court Judge Jill N. Parrish<br>Magistrate Judge Brooke Wells |

---

Defendant Isaiah Kingston, provides the following objection and concerns regarding the Position of the United States on Length of Trial and Trial Calendar (ECF 198).[1]  First, the proposed trial start date is purely artificial—driven by the Government's concerns about the pre-trial delay for which it is solely responsible for.  Given the concerns stated by counsel for the newly added

---

[1] Defendant Isaiah Kingston continues to sincerely and continuously assert his right to a speedy trial, and objects to a continuance of the presently scheduled trial, as he did before this Court at the last hearing.  He also continues to assert that the trial delays that have been occasioned by the Government's piecemeal approach to the indictments and prosecution have turned his pre-trial detention punitive, and that such delay—and any further delay—will further infringe upon his due process rights unless he is released from detention.  However, the writing is on the wall—especially since the Second Superseding Indictment, and the motions of co-defendant counsel.  If trial is going to be continued, as this Court all but conceded at the last hearing, and this Court is intent on re-scheduling it to a firm date that will allow for a fundamentally fair trial for all defendants, then counsel for Isaiah Kingston believes that the realistic concerns of the present pleading have to be raised by somebody.

1

defendants Sally and Rachel Kingston, a June 24 trial start date is almost certainly too soon to provide for a fair opportunity for *all counsel* to prepare for a fair trial.  Moreover, it simply makes no sense to try to seat a jury and try a case in Utah through the month of July.  Second, the Government intimates that it will seek to conduct depositions pursuant to Rule 15 of the Federal Rules of Criminal Procedure, but suggests that it should only have to notice them up on April 15, 2019.  Such depositions, assuming this court were to authorize them, will be incredibly challenging and time consuming to conduct, and this Court should order that the Government provide notice immediately upon the belief that a deposition will be sought.  Third, the Government proposes that witness lists, exhibit lists, and the "bulk" of *Jenks* production occur a mere three weeks prior to an eight week trial.  As the defendants have repeatedly stated, this information is the key information needed to effectively prepare for a fair trial.  This Court should order production of such information far in advance of the Government's suggestion.

### *Commencement of Trial*

Some time ago this court became concerned and alerted to the fact that constitutional due process issues were on a collision course with the delays occasioned by the manner in which the Government has chosen to bring its indictments.  That collision has occurred, and has become a conflagration.  It is presently being briefed further.  The Government recognizes its liability in the matter, and has determined that this Court better get the trial started by June 4, 2019, out of fear that it will suffer speedy trial consequences with regard to the detained defendants.

This approach is *ad hoch* and artificial.  It is not based upon a reasoned approach to when and how a *fair* trial can be had.  It is a proposal based on desperation.  The Government pays little heed to whether such a trial date makes good sense, or can accommodate the preparation needs of the new co-defendants, or for the detained defendants for that matter, since if they remain detained

pending trial, preparation is made exponentially more difficult and time and resource consuming.

The lawyers for the various co-defendants can report to this Court whether a June 24, 2019 trial date can be met commensurate with their ability to prepare and provide for a full and fair trial for their respective clients. But given the recent motions to continue by Sally and Rachel Kingston, and the statements made in court to the effect that they could not realistically be prepared for trial before the end of July, 2019, it seems doubtful that they can agree with the Government's proposal. Additionally, it seems unlikely that the attorneys for Jacob Kingston can reasonably agree that they can try the case beginning on June 24, having given notice that they will be in the throes of a major multi-week trial in New York until just a few weeks prior to June 24. Thus, it seems incredibly unlikely that a fair and just trial can be had for all defendants on the date proposed by the Government.

Probably just as important is the fact that it makes no practical sense at all to attempt a trial in Utah through the month of July. July contains two major holidays in Utah. Many if not most professionals plan family travel and vacations during the month—July 4th lands on a Thursday this year, and even the Government acknowledges that the trial should not occur on the 5th as well, and July 24th falls on a Wednesday, leading to the likelihood that persons will try to add the 25th and 26th to a vacation or family plan. Children are out of school. Plans for these vacations are made well in advance. Imagine the challenge in seating a 14 person Jury in light of the hardship responses that will flow from being asked in the last week of June to sit on a jury for the next 8 weeks. Such hardship issues would probably be reduced by 75% if the same question were asked of jurors on July 29.

The proposal also acts as a hardship for the lawyers, their assistants, the court staff and others, who likely have vacation plans, or would normally make them. The schedule would cause

significant hardship to one of the co-defendant's lawyers, who has a pre-paid, multi-family vacation in July that was scheduled long before she was hired to represent her client. Present counsel would suffer the loss of a week-long, pre-paid, multi-family out-of-state vacation scheduled around the July 4th holiday. Lawyers and their staff, witnesses, court personnel, and others make such plans with the reasonable expectation that these are the safest times to schedule such events, because these are the least appropriate times for a trial.

It is also important to note that the Utah State Bar Annual Convention, a very popular event for many Utah lawyers, and the source for valuable continuing legal education, is July 18-20. (One of the present defense counsel is a Bar Commissioner, with duties and expectations in connection with the Convention.)

The desperation for a June 24 start date is solely the result of the Government's approach to the timing of the indictments in this case together with the pretrial detention of three defendants who have spent a wasted six months in pre-trial detention because the Government wanted to save statute of limitations on sexy money laundering counts involving an expensive car and an expensive house. It would be fundamentally unfair to shoehorn the trial into *their* perception of speedy trial due process rights, despite the obvious impracticalities and burdens.

The trial in this case cannot reasonably and effectively occur before July 29, 2019.

***Rule 15 Depositions***

The Government slips into their proposed trial schedule, reference to depositions to be conducted under Rule 15 of the Federal Rules of Criminal Procedure. The Government has never before made mention of any such need, but has presumably known about it. Depositions conducted pursuant to Rule 15 will be extraordinarily challenging to execute, will take extraordinary resources to conduct, and will take a great deal of time to conduct. If a person is to be subject to such a

deposition, it would require the accommodation of lawyers for the five defendants (residing literally across the country), transportation of three defendants detained in three different facilities, lawyers for the Government (residing on the other side of the country), a location that could host such an event, and the personnel necessary to conduct it. The depositions could be extremely lengthy, considering the number of co-defendants.

Moreover, even the determination of whether a deposition will be allowed is likely to require evidentiary hearings, fact finding and possibly briefing before this Court. Yet the Government gives no indication as to how many such depositions might be in play, or why it believes that such matters could possibly be managed consistent with its desperate trial schedule. In fact, the Government proposes that notice regarding depositions need not even be given until April 15, 2019.

This Court should immediately inquire into whether the Government presently believes that any Rule 15 depositions will be sought, and order that, if so, the Government provide immediate notice so the matters may be taken up expeditiously. Additionally, this Court should enter a standing order that the Government immediately provide notice at any point that it reasonably believes that a Rule 15 deposition will be sought.

(None of the above contemplates the circumstance that the defendants likely will not even have the ability to know whether *they* will need to seek Rule 15 depositions until weeks before trial, insofar as the Government proposes to provide a witness and exhibit list, and the "bulk" of the *Jencks* material a mere three weeks before trial.)

### Witnesses and *Jencks* Production

Since the inception of the present prosecution, and regularly thereafter, the attorneys for the defendants have informed this Court of their belief that the most important evidence and material

5

that will be necessary to prepare for an adequate defense, is knowledge of the identity of the Government's witnesses—especially cooperating and informant witnesses—and what they are expected to say. Yet the Government proposes that they be allowed to provide a witness list only three weeks before trial, together with the "bulk" (whatever that means) of *Jencks* material. It defies credulity to believe that fair trial can be had in this case under such a scenario.

The Government has made periodic vague assertions as to the need to keep witness and *Jencks* material from the defense attorneys. But they have never provided *any* reliable evidence to support any such claim, much less that any concerns could not be remedied in whole or part by protective orders.

This Court should order production of the witness and *Jencks* material far in advance of the Government's proposal. For instance, it makes no sense to set a motions *in limine* deadline and litigation schedule that would be completely finished *before* the *Jencks* material is even provided. Certainly such material is likely to trigger a variety of motions *in limine* and other issues. But most importantly, the defendant's need the material in time to engage their own investigations and fair preparation of an adequate defense.

## CONCLUSION

Defendant Isaiah Kingston respectfully requests that this Court reject the Government's proposed trial calendar, and instead engage a robust and informed consideration of the issues touched on herein, and other such issues bound to arise and presently before this Court in other pleadings filed by other defendants. The Government's proposal is born of a due process desperation that is of their own making, and this Court should side on due process remedies rather than the Government's attempt to avoid such remedies by proposing to now ram the trial down the throats of in-custody defendants and only recently indicted co-defendants.

The issues related herein impact both the detention and speedy trial tensions, as well as fundamental fairness and the ability to adequately prepare for a fair trial for each defendant. This Court, and these defendants must know *now* whether there will be depositions sought under Rule 15, for if there are, there is no likelihood that the proposed schedule could hold—especially if the notice process is not even engaged until another seven weeks have passed. There can be no confidence that an aggressive trial schedule can occur consistent with fundamental due process if the Government is allowed to hide its witnesses and *Jencks* material until the last minute—especially without proving a legitimate need that cannot be remedied by protective orders. And under any circumstances, it does not appear that a reasonable, practical and fair trial can commence prior to July 29, 2019, as the attorneys for the defendants opined to this Court at the last hearing.

Respectfully submitted this 25th day of February, 2019.

/s/ Scott C. Williams
Scott C. Williams
Attorney for Defendant Isaiah Kingston

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2019, the foregoing **DEFENDANT ISAIAH KINGSTON'S OBJECTION TO THE POSITION OF THE UNITED STATES ON LENGTH OF TRIAL AND TRIAL CALENDAR** was served on the person(s) named below via the Court's electronic filing system:

Adam S. Elggren
U.S. ATTORNEY'S OFFICE
111 Main Street, #1800
Salt Lake City, UT 84111
Adam.elggren@usdoj.gov

Arthur J. Ewenczyk
Leslie A. Goemaat
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION CRIMINAL ENFORCEMENT
601 D. Street NW 7th Floor
Washington, CD 20004

Richard M. Rolwing
U.S. ATTORNEY'S OFFICE – TAX DIVISON
303 Marconi Blvd., Suite 200
Columbus, OH 43215

*Attorneys for the United States of America*

Marc A. Angifilo
Teny R. Geragos
BRAFMAN & ASSOCIATES
767 Third Avenue, Floor 26
New York, NY 10017
magnifilo@braflaw.com
tgeragos@braflaw.com

Walter F. Bugden
Tara L. Isaacscon
BUGDEN & ISAACSON, LLC
445 East 200 South, Suite 150
Salt Lake City, UT 84111
wally@bilaw.net
tara@bilaw.net

*Attorneys for Jacob Kingston*

Mark J. Geragos
Linda Moreno
GERAGOS & GERAGOS APC
644 S. Figueroa Street
Los Angeles, CA 90017
mark@geragos.com
geragos@geragos.com

Jon D. Williams
JON D. WILLIAMS, PC
9 Exchange Place, Suite 600
Salt Lake City, UT 84111
jwilliam@lawyer.com

*Attorneys for Lev Dermen*

Cara M. Tangaro
TANGARO LAW, PC
35 South Broadway, Suite 203
Salt Lake City, UT 84111
cara@tangarolaw.com

*Attorney for Rachel Kingston*

D. Loren Washburn
Jacob L. Fonnesbeck
SMITH WASHBURN, LLP
8 East Broadway, Suite 320
Salt Lake City, UT 84111
lwashburn@smithwashburn.com
jfonnesbeck@smithwashburn.com

*Attorneys for Sally L. Kingston*

Samuel Alba
SNOW CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
P.O. Box 45000
Salt Lake City, UT 84145
sa@scmlaw.com

*Attorneys for Intervenors*

                                                     /s/ Jayme Mackay