SCOTT C. WILLIAMS (6687)
Attorney for Defendant
43 East 400 South
Salt Lake City, Utah 84lll
Telephone: (801)220-0700
Facsimile: (801) 364-3232
scwlegal@gmail.com

UNITED STATES DISTRICT COURT
CENTRAL DIVISION, DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | DEFENDANT ISAIAH KINGSTON'S MOTION TO MODIFY TERMS OF PRETRIAL RELEASE |
|---|---|
| Plaintiff, | |
| vs. | Case No. 2:18-cr-365-JNP |
| ISAIAH ELDEN KINGSTON, | District Court Judge Jill N. Parrish
Magistrate Judge Brooke Wells |
| Defendant. | |

Defendant Isaiah Kingston, by and through counsel of record, herby respectfully requests that this Court modify the terms of his pretrial release by allowing his electronic monitoring device to be removed, and rescinding any curfew requirement.  Pretrial services recommended this modification in August of 2020, and this Court granted a modification.  (ECR 1109)  This Court then reversed the order because the United States complained of lack of notice, and then objected to the modification.  (ECR 1114).  The position of the defense is that the modification would have been appropriate the last time Pretrial Services recommended it, and is even more appropriate now, the second time that it has been recommended.

Mr. Isaiah Kingston has been a model of compliance since his release almost a year ago—

1

something that has surprised no one who knows him and interacts with him.  For the bases related in both the last Pretrial Services recommendation, and the most recent recommendation, he is no risk of flight, much less a risk that warrants wasting the value of electronic monitoring on his release circumstance.  Mr. Zac McBride has been Mr. Kingston's supervisor since his release on conditions, but was recently re-assigned.  Two months ago, before that transfer, he informed the parties that he was making a recommendation to this Court to make the modification requested in the present pleading:

Zachary McBride <Zac_McBride@utp.uscourts.gov>　　　　　　　　　Mon, Dec 7, 2020, 2:06 PM

to John, Richard, Arthur, Leslie, adam.elggren@usdoj.gov, Cy, me

Greetings,
As you are aware I have been and continue to supervise Isaiah Kingston. He was in pretrial custody from August 23, 2018 to March 24, 2020. He was released under pretrial supervision on March 24, 2020. Since that date he has complied with the conditions of release. He obtained employment quickly and has maintained that position as an account manager for a local trucking company, based in North Salt Lake, Utah.  He returned to his family's house, in Salt Lake City, upon his release from custody and has maintained that residence. He has long standing community and familial ties to Utah. He has a wife (who is pregnant) with whom he shares 10 children, all under the age of 12.  He also has a minor child from another relationship. His Pretrial Risk Assessment (PTRA) score is 2 which falls within Category 1. The PTRA is an objective, quantifiable instrument that provides a consistent and valid method of predicting risk of failure to appear, new criminal arrest, and technical violations while on pretrial release. Out of a sample size of 181,739 defendants, 29% fell within Category 1, which predicts that 1% will Fail to Appear, 1% will have a New Criminal Arrest, 2% will either Fail to Appear or have a New Criminal Arrest, 1% will commit Technical Violations, and 3% will have either a Failure to Appear, New Criminal Arrest, or Technical Violation. Lastly, other than the instant offense, he has no other criminal history. Based on his compliance and performance and pursuant to 18 U.S.C. 3142 (c)(1)(B), it appears the location monitoring (GPS tracking) and curfew are no longer required to meet the least restrictive combination of conditions, to ensure his appearance or him endangering the safety of any other person or the community. I intend to submit a petition to the Court to remove the noted conditions on December 14, 2020. Based on previous correspondence, I presume Government counsel maintains the objection to removal of the conditions and defense counsel is agreeable to removal of the conditions. Please be so kind as to respond to this e-mail and advise as to your position on removal of the noted conditions.  Thank you for your consideration of this matter.
Regards,
Zac McBride
U.S. Probation & Pretrial Services Officer
Location Monitoring Specialist
351 South West Temple, Room 5.400
Salt Lake City, Utah 84101

All information suggests that the repeated recommendations by Pretrial Services to modify the conditions of Mr. Isaiah Kingston's pretrial release, to allow for termination of the electronic monitoring device and the curfew requirement, is warranted and appropriate. He respectfully requests that this Court now follow those recommendations and grant the present motion.

Respectfully submitted this 9th day of February, 2021.

                                      /s/ Scott C. Williams
                                      Scott C. Williams
                                      Attorney for Defendant Isaiah Kingston

DELIVERY CERTIFICATE

I certify that a true and correct copy of the foregoing was caused to be delivered, through electronic filing, to the following:

Adam S. Elggren
U.S. ATTORNEY'S OFFICE
111 Main Street, #1800
Salt Lake City, UT 84111
Adam.elggren@usdoj.gov

Arthur J. Ewenczyk
Leslie A. Goemaat
U.S. DEPARTMENT OF JUSTICE
TAX DIVISION CRIMINAL ENFORCEMENT
601 D. Street NW 7th Floor
Washington, CD 20004

Richard M. Rolwing
U.S. ATTORNEY'S OFFICE – TAX DIVISON
303 Marconi Blvd., Suite 200
Columbus, OH 43215

*Attorneys for the United States of America*

on the 9th day of February, 2021.

/s/ Scott C. Williams