IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br>ISAIAH KINGSTON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:18-cr-00365-JNP<br><br>District Judge Jill N. Parrish |

Isaiah Kingston pled guilty to a number of crimes related to a $500 million biofuel tax credit fraud perpetrated against the United States. The sentencing range calculated for his offenses was 292–365 months of imprisonment. But Kingston's plea agreement capped his sentence at 240 months. Prior to sentencing, the government moved to reduce his sentence by an additional 40% due to his cooperation with the prosecution of one of his codefendants. The court accepted the government's recommendation of a 40% reduction from the 240-month cap and sentenced Kingston to 144 months.

After Kingston was sentenced, the United States Sentencing Guidelines were amended to permit a two-level reduction in the offense level calculation for certain defendants with zero criminal history points. *See* U.S.S.G. § 4C1.1(a). The parties agree that Kingston would have qualified for an offense level reduction under this new provision. A two-point reduction under the zero-history-point provision would have resulted in a guideline range of 235–293 months. Considering the plea agreement capping his sentence, the guideline range would have been 235–240 months. Kingston moves the court to reduce his sentence in light of the recent amendment that would have resulted in a lower guideline calculation. ECF No. 1704. The court GRANTS the

motion and reduces his sentence to 141 months of incarceration to reflect the amended guideline range.

The court may reduce a sentence to account for a sentencing range that has been lowered by the Sentencing Commission "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement clarifies that a sentence reduction under § 3582(c)(2) does not "constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). The policy statement further provides that a court normally may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). However, if the original sentence was lower than the original guideline range due to the defendant's substantial assistance to authorities, "a reduction comparably less than the amended guideline range . . . may be appropriate." U.S.S.G. § 1B1.10(b)(2)(B). The application notes to the policy statement clarify that if a defendant's original sentence was reduced by 20% below the bottom of the guideline range due to substantial assistance, a reduction to a term of imprisonment equaling a 20% downward departure from the bottom of the amended guideline range may be appropriate. U.S.S.G. § 1B1.10, Application Note 3.

Here, the court granted a 40% reduction from the low end of the original guideline range, 240 months, to arrive at a sentence of 144 months. A 40% reduction from the low end of the amended guideline range, 235 months, would yield a sentence of 141. A reduction of Kingston's sentence to 141 months would, therefore, be consistent with the Sentencing Commission's policy statement. Moreover, a modest three-month reduction to his sentence would be in accord with the section 3553(a) factors.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(2), the court grants Isaiah Kingston's motion for a sentence reduction and orders that his sentence be modified to 141 months of incarceration.

SIGNED December 6, 2024.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge