IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ISAIAH KINGSTON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING SECOND MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:18-cr-00365-JNP<br><br>Chief Judge Jill N. Parrish |

Before the court is Isaiah Kingston's second motion for a sentence reduction. ECF No. 1834. The motion is DENIED.

**BACKGROUND**

Kingston pled guilty to a number of crimes related to a $500 million biofuel production credit fraud perpetrated against the United States. The sentencing range calculated for his offenses was 292–365 months of imprisonment. But Kingston's plea agreement capped his sentence at 240 months. Prior to sentencing, the government moved for a 40% downward departure from the 240-month cap to a sentence of 144 months due to substantial assistance that Kingston had provided in a trial against a codefendant. At his sentencing hearing, the government reiterated its request for a 40% reduction from the 240-month cap. The court accepted the government's recommendation and sentenced Kingston to 144 months.

After Kingston was sentenced, the United States Sentencing Guidelines were amended to permit a two-level reduction in the offense level calculation for certain defendants with zero criminal history points. *See* U.S.S.G. § 4C1.1(a). The parties agree that Kingston would have qualified for an offense level reduction under this new provision, which results in a guideline range

1

of 235–293 months. Considering the plea agreement capping his sentence, the amended guideline range is 235–240 months. Kingston moved to reduce his sentence in light of zero criminal history points amendment. The court granted his motion and applied the 40% reduction that the government had initially requested to the low end of the amended guideline range (235 months). Thus, the court reduced Kingston's sentence from 144 months to 141 months.

Now before the court is Kingston's second motion to reduce his sentence. In his renewed motion, Kingston argues that the court erred by applying only a 40% reduction to the low end of the amended guideline range. He argues that despite the 240-month plea-deal cap, the relevant comparison for calculating the sentence reduction afforded at sentencing was the low end of the original guideline sentence, 292 months, and the original sentence, 144 months. Comparing these two numbers, Kingston argues that he received a 51% reduction at sentencing due to his cooperation and that the court should have applied that same 51% reduction to the low end of the amended guideline sentence, resulting in a sentence of 115 months. The government concurs with Kingston's analysis and agrees with his second motion for a sentence reduction.

## ANALYSIS

The court may reduce a sentence to account for a sentencing range that has been lowered by the Sentencing Commission "after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The relevant policy statement clarifies that a sentence reduction under § 3582(c)(2) does not "constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). The policy statement further provides that a court normally may not reduce a sentence "to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A). However, if the original sentence was lower than the original guideline range due to the defendant's substantial assistance to authorities, the

sentencing court has discretion to apply a proportional reduction to the low end of the amended guideline range:

> If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range . . . may be appropriate.

U.S.S.G. § 1B1.10(b)(2)(B). The application notes to the policy statement clarify that if a defendant's original sentence was reduced by 20% below the bottom of the guideline range due to substantial assistance, a reduction to a term of imprisonment equaling a 20% downward departure from the bottom of the amended guideline range may be appropriate. U.S.S.G. § 1B1.10, Application Note 3.

Kingston argues that in order to calculate a comparable sentence reduction for his amended guideline range, the language of U.S.S.G. § 1B1.10(b)(2)(B) requires courts to compare the low end of the original guideline range with the original sentence. He contends that the court made a mistake by treating the 240-month sentence cap as the de facto guideline range rather than looking to the actual guideline range of 292–365 months when calculating the amount of the sentence reduction granted due to substantial assistance.

But the court need not determine whether the plain language of § 1B1.10(b)(2)(B) indicates that courts should look to a negotiated sentence cap or to a straight guideline calculation when computing the percentage of the reduction. A sentence reduction pursuant to this provision is ultimately discretionary. 18 U.S.C. § 3582(c)(2) (providing that "the court *may* reduce the term of imprisonment" to account for amendments to sentencing guidelines (emphasis added)); U.S.S.G. § 1B1.10(b)(2)(B) (stating that a sentence reduction to account for a prior substantial assistance discount "may be appropriate"); *Id.*, Application Note 3 ("[T]he sentencing court has the discretion

to determine whether, and to what extent, to reduce a term of imprisonment under this section."). Under the facts of this case, the court determines that a further reduction to Kingston's sentence is not appropriate. In its motion for a downward departure, the government requested a 40% reduction from the 240-month sentence cap due to Kingston's substantial assistance. ECF No. 1411 at 6. And at his sentencing hearing, both the court and the government indicated that the 240-month cap was the effective starting point for Kingston's sentence and that the requested 40% reduction was from this sentencing cap.[1] In accord with this understanding regarding the amount of the downward departure for substantial assistance, the court has already afforded Kingston a 40% reduction from the low end of his amended sentencing guidelines. To now grant him a 51% reduction that no one requested or intended at the time of sentencing would violate the spirit, if not the letter, of § 1B1.10(b)(2)(B). Exercising its discretion, the court declines to further reduce Kingston's sentence.

## CONCLUSION

The clear intent of U.S.S.G. § 1B1.10(b)(2)(B) is to place a defendant who provides substantial assistance in the same position that he or she would have occupied if a subsequent sentencing guideline amendment had been in place at the time of sentencing. The 40% reduction to Kingston's amended guideline range achieved this goal. Accordingly, the court denies his motion for a larger 51% reduction to his original sentence.

---

[1] *See* ECF No 1491 at 10 ("[THE COURT:] [T]he cap that you agreed upon is below the low end of the guideline range. So effectively I think that gives us a guideline range of 20 years given my inclination to approve your agreement with the government for the 20-year cap. So that's our starting point, a guideline range of 20 years as modified by the cap."); *id.* at 12 ("[MR. ROLWING]: He did a terrific job, and that's why we've made the motion we've made on his behalf for that cooperation, that is reducing our requested sentence from the 20-year cap, which was negotiated as part of his plea, down to what we're recommending as 12 years for Mr. Kingston. Again, giving him 40 percent off this negotiated cap for his cooperation . . . .").

SIGNED July 10, 2026.

BY THE COURT

_____
Jill N. Parrish
Chief United States District Court Judge